UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

MAWEZA RAZZAQ,

                Plaintiff(s),

-against-

THE CITY OF NEW YORK, DETECTIVE MARK WOODS (Tax Registry No. 926318), DETECTIVE MICHAEL GUZZINO (Tax Registry No. 925602),

                Defendant(s).
_____

JURY TRIAL DEMANDED

FIRST AMENDED COMPLAINT

CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. §1983

Civil Action No. 18-cv-02145(BMC)

Maweza Razzaq ("Plaintiff"), by her attorney Michael F. Rubin, Esq. complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

## THE PARTIES

1. At all times hereinafter mentioned, plaintiff Maweza Razzaq (hereinafter "Razzaq"), was and still is a resident of the County of Queens, in the City and State of New York.

2. At all times relevant and material herein, the defendant City of New York hereinafter "City" was and still is a domestic municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

3. At all times relevant and material herein, the defendant Police Officer Mark Woods (Tax Registry No. 926318) hereinafter "Woods" was an employee of the Police Department of the City of New York.

4. At all times relevant and material herein, the defendant Police Officer Michael

Guzzino (Tax Registry No. 925602) hereinafter "Guzzino" was an employee of the Police Department of the City of New York.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1343 in that it alleges a claim for relief arising under 42 U.S.C. §1983.

6. Additionally, the Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C. §1367 because such claims form part of the same case or controversy over which this court has original subject matter jurisdiction.

7. Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and, or in the alternative, the defendant City is subject to personal jurisdiction in this district.

## ALLEGATIONS PERTAINING TO ALL OF PLAINTIFF'S CLAIM

8. At all times relevant and material herein, the defendant City operated, maintained, managed, supervised and controlled The New York City Police Department (hereinafter "NYPD") as part of and in conjunction with its municipal functions.

9. At all times relevant and material herein, the defendants Woods and Guzzino were employees of the NYPD.

10. That at all times hereinafter mentioned and upon information and belief, the defendant City, employed and supervised Woods and Guzzino.

11. Upon information and belief, Woods and Guzzino were graduates of the Police Academy of the NYPD.

12. At all times relevant hereto, the defendant City had the duty to competently and sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, the defendant officers Woods and Guzzino to conform their conduct to a standard for the protection of individuals, such as plaintiff, against the unreasonable risk of harm by conducting themselves in such a manner so as to not intentionally, wantonly and/or negligently injure citizens such as plaintiff herein.

13. In addition, at all times relevant hereto, the defendant City had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels the defendant officers Woods and Guzzino in the protection of the rights of plaintiff under the Constitution of the United States of America.

14. At all times hereinafter mentioned, upon information and belief, the defendants Woods and Guzzino were acting in their capacity as employees, agents and/or servants of the defendant City of New York.

15. At all times hereinafter mentioned, the defendants Woods and Guzzino were acting under the color of State law.

16. At all times hereinafter mentioned, the defendants' acts constituted State action.

17. During an investigation of alleged illegal conduct not involving the plaintiff, Woods, upon information provided by Guzzino, placed plaintiff under arrest under the following circumstances, at 139-25 87th Drive, County of Queens, State of New York.

18. At the time of the investigation referred to above, plaintiff resided in a multiple unit/multiple family home and shared her apartment with another woman. Upon information and belief, a family member of the plaintiff's roommate was the subject of the investigation.

19. Plaintiff is now, and was at the time of the incidents that form the basis of this complaint, an attorney duly admitted to practice law in the State of New York. Her roommate is a

U.S. trained attorney, however she is not admitted to practice law in the United States.

20. During the times and places referred to above, police officers, including the above-named defendants, arrived to execute a search warrant. During the time period encompassing that search, a certain individual, upon information and belief, a family member of the plaintiff's roommate, was being questioned by police officers.

21. At various times throughout the police activity referred to above, the plaintiff without in any way obstructing any police activity, communicated and attempted to communicate with the subject of the investigation regarding the subject's constitutional right to remain silent and right to counsel. Plaintiff also, as was her clear right to do, attempted to photograph and did photograph the events unfolding in her backyard while remaining in a place and distance she was directed by police to do so. Plaintiff at all times followed all lawful orders of law enforcement personnel.

22. The named individual defendants and other officers, attempted on various occasions to prevent the above referenced communication by plaintiff to the subject.

23. Defendant Guzzino, clearly angered at the plaintiff for both providing legal counsel to the subject of the investigation and for photographing the scene, proceeded to accuse her of obstructing governmental administration by "running into the backyard area", by providing this false allegation to Woods who included it in a sworn criminal court affidavit.

24. In fact, plaintiff never entered the backyard area, the allegation by Guzzino being a pretext for justifying his decision to direct the arrest of plaintiff.

25. At no time did the plaintiff ever enter the backyard area where the investigation was unfolding, at all times remaining in, among other places, the driveway that runs along the side of the house where she was arrested, as she was directed by a law enforcement officer to do.

26. In so arresting the plaintiff, the defendants, including Guzzino, fully aware that there was no probable cause to arrest plaintiff, knowingly and intentionally violated the plaintiff's constitutional rights.

27. Plaintiff was charged with Obstructing Governmental Administration in the Second Degree, in violation of New York State Penal Law §195.05.

28. Without probable or just cause, grounds or provocation, Woods placed Razzaq in imminent fear of unlawful touching, touched Razzaq in a manner that was unreasonable, unnecessary and without any privilege or justification, and touched the plaintiff in a hostile, offensive manner without her consent and with the intention of harmful or offensive bodily contact.

29. By reason of the foregoing acts by the defendants, Razzaq was injured and suffered, and upon information and belief, will continue to suffer, continuous pain and anguish.

30. By reason of the foregoing acts by the defendants, Razzaq was caused emotional anguish, distress and embarrassment, and upon information and belief, will continue to suffer same.

31. By the reason of the foregoing, plaintiff was compelled to remain incarcerated until she was released from jail on or about September 17, 2015.

32. Razzaq remained the subject of a New York City criminal court complaint until she was acquitted after trial on October 12, 2017.

33. Plaintiff is a practicing attorney admitted to the bar in the State of New York, and as such has had her career interrupted, her reputation impugned and was otherwise damaged.

### ALLEGATIONS PERTAINING TO PLAINTIFF'S CLAIMS UNDER STATE LAW

34. Before the commencement of this action, and within 90 days of October 12, 2017, a Notice of Claim containing the information required by law was duly served upon the defendant City on October 31, 2017.

35. That on November 20, 2017, a hearing pursuant to New York State's General Municipal Law §50-h, was held.

36. More than thirty (30) days have elapsed since the claims upon which this action is based were presented to the defendant City, and said defendant has neglected and/or refused to make payment or adjustment thereof.

37. This action is commenced within one (1) year and ninety (90) days after both the accrual of the causes of action alleged in this complaint, and the happening of the incidents and acts complained of herein.

### FIRST CLAIM FOR RELIEF (FOR ASSAULT AND BATTERY)
### (PURSUANT TO 42 U.S.C §1983)
### As against Woods and Guzzino

38. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

39. Woods and Guzzino's conduct that constituted assault and battery of plaintiff was unwarranted, unnecessary and violent and violated plaintiff's rights under the Constitution.

40. As a result thereof, plaintiff is entitled to judgment in the amount of $1,500,000.00.

### SECOND CLAIM FOR RELIEF (FALSE ARREST)
### (PURSUANT TO 42 U.S.C §1983)
### As against Woods and Guzzino

41. The plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

42. That on or about September 17, 2015, in the County of Queens, City and State of New York, Woods and Guzzino wrongfully and falsely arrested, imprisoned and detained plaintiff

without any right or grounds therefore.

43. That on or about September 17, 2015, the defendants wrongfully and falsely accused plaintiff of the crime of Obstructing Governmental Administration in the Second Degree, in violation of New York State Penal Law §195.05.

44. That the said arrest and imprisonment was caused by Woods and Guzzino without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that plaintiff was guilty of such crime.

45. While the plaintiff was at the above location, Woods and Guzzino wrongfully and unlawfully, against the plaintiff's wishes, without probable or reasonable cause, violently handcuffed, arrested and imprisoned the plaintiff and with full force of arms, laid hold of and compelled her to go with the said defendants Woods and Guzzino, and their brother police officers, and be detained and imprisoned.

46. That the plaintiff was wholly innocent of the said criminal charges and did not contribute in any way to the conduct of Woods and Guzzino, and was forced by Woods and Guzzino to submit to the aforesaid arrest and imprisonment entirely against her will.

47. That as a result of the aforesaid accusations made by the defendants acting under their employment and within the scope of their authority, made falsely, publicly, intentionally and maliciously, the plaintiff was compelled to appear before a Judge of the Criminal Court of the City of New York, Queens County and to be arraigned on docket number 2015QN047091 on or about September 17, 2015.

48. That the defendants, as set forth above on or about the above date, time and place, intended to confine the plaintiff, the plaintiff was conscious of the confinement, the plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

49. That by reason of false arrest, imprisonment and detention of the plaintiff, plaintiff was subjected to great indignities, humiliation and ridicule, in being so detained, charged and prosecuted with various crimes, was denied and prevented from gaining access to medical care, was

searched, and was then and there prevented and hindered from performing and transacting her necessary affairs and business, and she was caused to suffer much pain in both mind and body, the loss of employment and the loss of employment opportunities.

50. As a result thereof, plaintiff is entitled to judgment in the amount of $1,500,000.00.

### THIRD CLAIM FOR RELIEF (MALICIOUS PROSECUTION) (PURSUANT TO 42 U.S.C §1983) As against Woods and Guzzino

51. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if more fully and at length set forth herein.

52. That on or about September 17, 2015, while the plaintiff was lawfully and properly in the County of Queens, City and State of New York, and at subsequent times thereafter, including but not limited to police Precincts in Queens County, New York, the defendants, maliciously prosecuted and detained plaintiff, Maweza Razzaq, without any just right or grounds therefore.

53. That the plaintiff was and is wholly innocent of the charges she was alleged by the defendants to have committed, and was forced by the defendants to submit to court proceedings.

54. That on or about September 17, 2015, before the Honorable presiding Judge of the Criminal Court of the City of New York, Queens County the defendants, intentionally, falsely and maliciously and without probable cause or provocation charged the plaintiff with a violation under the Penal Law, to wit: violation of §195.05 of the Penal Law of the State of New York.

55. That a Judge of the Criminal Court of the City of New York dismissed all charges under the docket number 2015QN047091 wherein violations of New York Penal Law §195.05 were alleged, on October 12, 2017 upon a trial verdict of not guilty.

56. That the said criminal charges and prosecution were instituted and procured by the defendants, in this action unlawfully, intentionally and maliciously and without any reasonable or probable cause whatsoever therefore. That the commencement and/or continuation of the criminal

proceedings by the defendants against the plaintiff was without probable cause, was with actual malice and was terminated in favor of the plaintiff.

57. That by reason of the aforesaid unlawful and malicious prosecution, the plaintiff was deprived of her liberty, was subjected to great indignity, was searched, humiliated, caused to suffer pain and great distress of mind and body and was held up to scorn and ridicule, was injured in her character and reputation, was prevented from attending her usual business and vocation, was injured in her reputation in the community and the said plaintiff has been otherwise damaged.

58. As a result thereof, plaintiff is entitled to judgment in the amount of $1,500,000.00.

## FOURTH CLAIM FOR RELIEF
## (COMMON LAW MALICIOUS PROSECUTION)
### As Against All Defendants

59. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if more fully and at length set forth herein.

60. That on or about September 17, 2015 while the plaintiff was lawfully and properly in the County of Queens, City and State of New York, and at subsequent times thereafter, including but not limited to police Precincts, in Queens County, New York, the defendants, their agents, servants and/or employees maliciously prosecuted and detained plaintiff without any just right or grounds therefore.

61. That the plaintiff was and is wholly innocent of the charges she was alleged by the defendants to have committed, and was forced by the defendants to submit to court proceedings.

62. That on or about September 17, 2015, before the Honorable presiding Judge of the Criminal Court of the City of New York, Queens County, the defendants, their agents, servants and/or employees intentionally, falsely, maliciously and without probable cause or provocation charged the plaintiff with a violation under the Penal Law, to wit: violation of §195.05 of the Penal Law of the State of New York.

63. That a Judge of the Criminal Court of the City of New York dismissed all charges under the docket number 2015QN047091 wherein violations of New York Penal Law §195.05 were alleged, on October 12, 2017 upon trial verdict of "not guilty".

64. That the said prosecution and criminal charges and hearings were instituted and procured by the defendants, their agents, servants and/or employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therefore. That the commencement and/or continuation of the criminal proceedings by the defendants against the plaintiff was without probable cause, was with actual malice and was terminated in favor of the plaintiff.

65. That by reason of the aforesaid unlawful and malicious prosecution, the plaintiff was deprived of her liberty, was subjected to great indignity, humiliated, caused to suffer pain and great distress of mind and body and was held up to scorn and ridicule, was injured in her character and reputation, was prevented from attending her usual business and vocation, was injured in her reputation in the community, incurred legal fees and related expenses, and the said plaintiff has been otherwise damaged.

66. As a result thereof, plaintiff is entitled to judgment in the amount of $1,500,000.00.

**WHEREFORE**, plaintiff demands judgment against the defendants as follows:

On each claim for relief, judgment in the amount $1,500,000.00, and plaintiff demands an additional sum of punitive damages against each defendant to be determined at the trial of this action; and in the event plaintiff is a prevailing party, attorney's fees; and interest, costs, and such other relief as to this Court shall seem just and proper.

Dated: July 27, 2018

Yours, etc.,

Michael F. Rubin, Esq. (0697)
Kelly & Rubin, LLP.
225 Broadway, 3rd Floor
New York, NY 10007
Tel: (212) 691-9393
mfr@kellyrubin.com